UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMORIA JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH M. DIAZ, et al.,<br><br>    Defendants. | **Case No. 1:17-cv-00027-DAD-MJS (PC)**<br><br>**ORDER AUTHORIZING SERVICE OF COMPLAINT ON DEFENDANTS DAVIS AND LUNES**<br><br>**(ECF No. 10)**<br><br>**THIRTY DAY DEADLINE TO RETURN SERVICE DOCUMENTS**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS REMAINING CLAIMS AND DEFENDANTS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 9, 2017. (ECF No. 1.) On February 28, 2017, the Court screened Plaintiff's civil rights complaint and found it stated cognizable

claims against Defendants Davis and Lunes for violating the First, Eighth, and Fourteenth Amendments. (ECF No. 7.) Plaintiff was directed to file either an amended complaint or a notice of willingness to proceed only on his cognizable claims.

Plaintiff's first amended complaint is now before the Court for screening. (ECF No. 10.) He has declined Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally

participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently incarcerated at Pelican Bay State Prison in Crescent City, California. His claims stem from events that took place at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

He names as Defendants Correctional Lieutenant M. Lunes; Correctional Officers Jared Davis and J. Joosten; Correctional Counselor II R. Hall; and Appeals Coordinator Ramos Ssaly. All are sued in their individual and official capacities.

Plaintiff's allegations are best summarized as follows:

On December 5, 2012, at approximately 6:45 am, Defendants Davis and Joosten entered Plaintiff's cell and physically assaulted Plaintiff. Davis placed Plaintiff in a chokehold and hit him in the head and face. Joosten slammed Plaintiff into the concrete and placed his knee in Plaintiff's back. After Davis placed restraints on Plaintiff, he kneed Plaintiff in the back and stated, "Welcome to SATF, you've been introduced to the white devil." At approximately 10:00 am that same day, Plaintiff was placed in administrative segregation ("ad-seg"). On December 18, 2012, Plaintiff was issued a Rules Violation Report ("RVR") for battery on a peace officer ("the first RVR").

On April 7, 2013, Plaintiff filed a grievance complaining about the December 5 assault. He specifically requested that he not be retaliated against for filing the grievance. On April 9, 2013, Plaintiff attended a hearing on the first RVR. Defendant M. Lunes presided as the senior hearing officer ("SHO"). Defendant Lunes found Plaintiff not guilty

of battery on a peace officer, but found Plaintiff guilty of the lesser offense of resisting a peace officer.

Plaintiff was released from ad-seg on or about April 30, 2013. On May 13, 2013, Plaintiff filed a grievance asking that the first RVR be dismissed in its entirety since the "Findings" section of the RVR showed that there was sufficient evidence presented during the disciplinary hearing to find Plaintiff not guilty of resisting a peace officer.

On October 1, 2013, Davis issued Plaintiff another RVR stemming from the December 5, 2012 incident, this time for possession and distribution of a controlled substance ("the second RVR"). A hearing was held on October 29, 2013, and Lunes again presided as the SHO. Plaintiff said he was concerned that Lunes would not provide him a fair hearing. Lunes said the hearing would not be fair, then advised Plaintiff of his appeals rights and said the appeal would not be fair either. Plaintiff asked Lunes if he had a problem with Plaintiff. Lunes said Plaintiff's May 13, 2013 grievance was the problem. Lunes said the second RVR should never have been written, and therefore should be dismissed. Lunes went on to say, "Since there is no proof of sales I could drop this to simple possession, but since I know how much you like writing 602's I'm gonna keep you busy, find you guilty, and take those visits because that's how I do it." Plaintiff was found guilty of possession of a controlled substance for sales or distribution.

On December 15, 2013, Plaintiff filed a grievance stating that his procedural due process rights were intentionally violated by the Senior Hearing Officer. On January 28, 2014, Plaintiff was interviewed on the matter. Plaintiff was told that he would hear back soon and Defendant Hall said "Lieutenant Lunes sends his regards."

On February 7, 2014, the Chief Disciplinary Officer issued an order indicating that the first RVR would be dismissed for the due process violation of "stacking" in relation to the second RVR. On February 12, 2014, Plaintiff received a copy of said order, along with an informational chrono ("Form 128-B") stating that the first RVR, for battery on a peace officer, would be dismissed.

On February 23, 2014, Plaintiff filed another grievance requesting that the second

4

1  RVR be dismissed because of violations of due process. The grievance was cancelled as
2  untimely. On March 6, 2014, Plaintiff resubmitted the grievance, contesting the
3  untimeliness issue. On March 11, 2014, a person "claiming" to be Defendant Ramos
4  came to Plaintiff's cell to give Plaintiff a CDCR Form 695 saying that Plaintiff was abusing
5  the appeals process. Ramos stated, "Stop appealing this issue unless you want to end up
6  in [ad-seg]." (alteration in original).

On April 4, 2014, Plaintiff was sent to ad-seg for an unrelated issue. Soon after Plaintiff arrived in ad-seg, Defendant Joosten arrived at Plaintiff's cell and stated, "It's time for your dog ass to pay for your crimes against humanity." In June 2014, Plaintiff was told by a friend to expect a package. In July 2014, Plaintiff asked Joosten if a package had arrived for him. Joosten replied, "You ain't got nothing coming" and barked at Plaintiff like a dog. In September 2014, Plaintiff was transferred to the Secure Housing Unit ("SHU") of Corcoran State Prison. On November 17, 2014, Plaintiff submitted a grievance concerning his package. The grievance was rejected because Plaintiff did not provide a tracking number for the package. Plaintiff attempted to resubmit the grievance, but it was again cancelled. Plaintiff submitted a grievance appealing the cancellation. Ramos called Plaintiff on the phone and said, "Did you think I was playing, I'm having you sent to the bay now, and if you don't knock it off you'll be stuck up there for the rest of your life." Plaintiff was eventually transferred to Pelican Bay State Prison.

Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments. He seeks injunctive relief and damages.

**IV.     Discussion**

    **A.     Official Capacity Claims**

Plaintiff was previously advised of the standards for an official capacity claim. His amended pleadings continue to fail to meet those standards. His official capacity claims should be dismissed without leave to amend.

    **B.     Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally

5

participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

At present, Defendant Hall is merely accused of stating to Plaintiff "Lieutenant Lunes sends his regards." Such a statement is insufficient to attribute liability for any misconduct to Defendant Hall. As Plaintiff was previously advised of this deficiency, the Court will recommend Plaintiff's claims against Defendant Hall be dismissed without leave to amend.

### C. Eighth Amendment

The Eighth Amendment protects prisoners from both excessive uses of force and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).

#### a. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary

standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted).

Here, Plaintiff claims that on December 5, 2012, Defendants Davis and Joosten entered Plaintiff's cell and physically assaulted him. Davis placed Plaintiff in a chokehold and hit Plaintiff in the head and face. Joosten threw Plaintiff down onto the concrete and put his knee into Plaintiff's back. After Davis placed cuffs on Plaintiff's wrists, Davis kneed Plaintiff in the back and said "you've been introduced to the white devil."

Plaintiff's claim that Davis kneed Plaintiff in the back after Plaintiff was already on the ground and handcuffed is sufficient to state a claim for excessive force.

However, the Court is unable to determine from the pleadings, even as amended, whether Plaintiff intends to allege that Joosten and Davis entered his cell and began "assaulting" him without penological purpose. Plaintiff previously was advised of the need to give some context to his and Joosten's and Davis's actions and describe the events preceding the entry and use of force. Plaintiff failed to do so, and the record remains silent as to the circumstances of the alleged assault. Inasmuch as Plaintiff failed to avail himself of the opportunity to provide sufficient allegations to enable the Court to evaluate this claim, the Court recommends he not be given further leave to amend it in that respect..

**D.    Due Process**

The Due Process Clause protects individuals from being deprived of life, liberty or property without due process of law. U.S. Const. amend. XIV, § 1.

**a.    Hearings on RVRs**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). The Due Process Clause itself does not confer on inmates a liberty

interest in being confined in the general prison population instead of segregation. See id. at 466-68. Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Here, Plaintiff complains that Davis violated his due process rights when he issued the second RVR for possession of a controlled substance. Plaintiff's complaint is centered on the fact that the RVR was apparently false; however, a prisoner has no constitutional right to be free from false charges. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the

8

arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'" (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984))); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.")

Next, Plaintiff complains about the hearings on his first and second RVRs. As to the hearing for the first RVR, Plaintiff fails to allege any deficiencies in the procedures afforded to him. It appears Lunes considered the evidence before him, found Plaintiff not guilty of battery, but found sufficient evidence to support a finding of resisting. The simple fact that Plaintiff disagreed with Lunes' finding is insufficient to state a claim for a due process violation. Furthermore, the fact that the first RVR was subsequently dismissed effectively nullifies Plaintiff's claim that his due process rights were violated unless he can show that he suffered some actual injury that was not remedied by the dismissal of his RVR. Brown v. Marshall, No. CIV S-07-0956 MCE DAD P, 2012 U.S. Dist. LEXIS 27241, at *30 (E.D. Cal. Feb. 29, 2012) ("[P]laintiff's procedural due process claims . . . have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him").

As to the hearing on the second RVR, Plaintiff claims that prior to the hearing on the second RVR, Lunes told Plaintiff the hearing would not be fair because of Plaintiff's May 13, 2013 grievance. Lunes continued that the second RVR should never have been written, and should be dismissed. He then said that even though he could drop the possession with intent to sell charge because there was no proof of a sale, Lunes would find Plaintiff guilty of the charge anyway. These facts are sufficient to state a claim against Lunes for violating due process at Plaintiff's October 29, 2013 hearing.

### b. Processing of Grievances

Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Prisoners do, however, retain

9

a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. Such a claim would be based on the theory that interference with the grievance process resulted in a denial of the inmate's right to access to the courts. This right includes petitioning the government through the prison grievance process. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356–57. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354–55.

Additionally, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

Here, Plaintiff has alleged no facts indicating that any Defendant's actions in processing Plaintiff's grievances resulted in the denial of Plaintiff's access to the courts. Plaintiff was previously advised of this deficiency, and failed to correct it. He should not be given further leave to amend his claims pertaining to the processing of his grievances.

**E.   Retaliation**

It is well-settled that § 1983 provides for a cause of action against prison officials who retaliate against inmates for exercising their constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the prison context, a viable claim of retaliation

entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint or grievance is constitutionally protected. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

Plaintiff claims Lunes retaliated against Plaintiff during the hearing on his second RVR because he was upset about Plaintiff's grievance. Lunes expressly told Plaintiff that

11

1 he would not be fair during the hearing. He then found Plaintiff guilty of possession of a controlled substance with intent to distribute even though he acknowledged there was insufficient evidence to show that Plaintiff intended to sell. As a result, Plaintiff lost visitation privileges. Taking Plaintiff's allegations as true, Plaintiff has sufficiently stated a claim against Lunes for retaliation.

Plaintiff also claims Ramos threatened to place Plaintiff in ad-seg and transfer Plaintiff to "the bay" because he believed Plaintiff abused the appeals system. However, while Plaintiff was indeed placed in ad-seg, it was for an unrelated reason. Furthermore, while Plaintiff was eventually transferred to Pelican Bay State Prison, it is not clear how such a transfer constituted an adverse action, how the transfer did not relate to a legitimate penological purpose, or how Ramos, an Appeals Coordinator, actually had the power or authority to effectuate such a transfer. Since Plaintiff was previously advised of the pleading standards for a retaliation claim, his claims against Ramos should be dismissed without leave to amend.

### F.     Interference with Mail

Plaintiff discusses the issue regarding his package for the first time in the instant complaint. To the extent Plaintiff believes Joosten or another official is responsible for the mishandling of Plaintiff's package, such claims properly belong in a separate lawsuit. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (a Plaintiff filing an amended complaint may not change the nature of this suit by adding new, unrelated claims).

## V.     Conclusion

Plaintiff's complaint states a claim against Defendant Davis for kneeing Plaintiff in the back after Plaintiff was handcuffed on the ground, in violation of the Eighth Amendment. It also states a claim against Defendant Lunes for violating due process during the October 29, 2013 hearing, in violation of the Fourteenth Amendment, and for retaliation in violation of the First Amendment. It states no other cognizable claims. The Court finds that further leave to amend would be futile, and should be denied.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff should proceed on his Eighth Amendment excessive force claim against Defendant Davis and his First Amendment retaliation and Fourteenth Amendment Due Process claims against Defendant Lunes;
2. Service shall be initiated on the following Defendants:
   **OFFICER JARED DAVIS**
   **LIEUTENANT M. LUNES**
3. The Clerk of the Court shall send Plaintiff two (2) USM-285 forms, two (2) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed on April 21, 2017.
4. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:
   a. One completed summons for each Defendant;
   b. One completed USM-285 form for each Defendant; and
   c. Three (3) copies of the endorsed complaint filed on April 21, 2017.
5. Plaintiff need not attempt service on the Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.
6. The failure to comply with this order will result in dismissal of this action.

And IT IS HEREBY RECOMMENDED THAT:

7. Plaintiff's remaining claims and Defendants be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court and serve a copy on all parties. Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 15, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE