| | |
|---|---|
| DEMORIA JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. LUNES et al.,<br><br>　　　　　Defendants. | No. 1:17-cv-00027-DAD-MJS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS AND DEFENDANTS<br><br>(Doc. No. 11) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　　Plaintiff Demoria Jackson is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 16, 2017, the assigned magistrate judge screened plaintiff's first amended complaint and found it stated cognizable claims against defendant Davis for excessive use of force in violation of the Eighth Amendment, and against defendant Lunes for retaliation in violation of the First Amendment and due process violations under the Fourteenth Amendment. (Doc. No. 11.) Accordingly, the magistrate judge authorized service of plaintiff's first amended complaint on defendants Davis and Lunes. (*Id.*) The magistrate judge also found plaintiff stated no other cognizable claims, determined that the granting of further leave to amend would be futile

1

as to the claims found not to be cognizable, and recommended dismissal of all remaining claims and defendants. (*Id.*) The findings and recommendations provided plaintiff fourteen days within which to file any objections thereto. After being granted one extension of time in which to do so, plaintiff filed his objections on July 7, 2017. (Doc. No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis. Having reviewed plaintiff's objections, the court finds them to lack merit.

In his objections, plaintiff first argues that dismiss of his due process claim against defendant Davis was improper. (*See id.* at 3–4.) In his first amended complaint, plaintiff alleges that defendant Davis issued a false RVR against plaintiff for "possession and distribution of a controlled substance." (*See* Doc. No. 10 at 21.) Plaintiff now argues that the disposition of that RVR resulted in him being sentenced to nine months in segregated housing, a loss of visitation rights, and the addition of eight points to his placement score. (Doc. No. 16 at 3–4.) In the pending findings and recommendations, the magistrate judge correctly pointed out that plaintiff had no constitutional right to be free of unfounded prison disciplinary charges but was instead only entitled to appropriate procedures in his RVR hearing prior to being deprived of a liberty interest. (*See* Doc. No. 11 at 8–9.) As a result, plaintiff's due process claim against defendant Davis is properly subject to dismissal. On the other hand, in light of plaintiff's allegations and as concluded by the magistrate judge, plaintiff's claims against defendant Lunes based on defendant Lunes's alleged statements and handling of plaintiff's second RVR hearing, should be allowed to proceed. (*See id.* at 9.) To the extent plaintiff is now arguing that defendant Davis's issuance of a false RVR also violated CDCR regulations, the court notes that neither state nor federal regulations dictate the outcome of the federal constitutional due process analysis or entitle an inmate to sue civilly for violations thereunder. *See e.g.*, *Vasquez v. Tate*, No. 1:10-cv-01876-JLT, 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012).

Second, plaintiff objects to the magistrate judge's recommendation that defendant Hall be dismissed from the action. (See Doc. No. 16 at 4.) However, as the magistrate judge correctly concluded, plaintiff merely alleges in his first amended complaint that defendant Hall said to plaintiff, "Lieutenant Lunes sends his regards," while processing plaintiff's 602 administrative grievance. (*See* Doc. No. 6.) Such a statement is insufficient to attribute liability for any misconduct to defendant Hall. Because plaintiff was already provided an opportunity to amend that claim, granting further leave to amend would be futile in this regard. Plaintiff's allegation, raised for the first time in his objections, that defendant Hall first granted Plaintiff's 602 grievance, then proceeded to deny it, also fails to allege facts sufficient to state a claim for a constitutional violation. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding that because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances).

Accordingly,

1. The May 16, 2017 findings and recommendations (Doc. No. 11) are adopted in full;
2. All non-cognizable claims are dismissed with prejudice for failure to state a claim;
3. The Clerk of Court is directed to terminate defendants Joosten, Hall, Ssaly, Diaz, Ramos, and Cota[1] on the docket in this case;
4. This case now proceeds on plaintiff's claims (a) against defendant Davis for excessive force in violation of the Eighth Amendment; and (b) against defendant M. Lunes for retaliation in violation of the First Amendment and for due process violations under the Fourteenth Amendment; and

/////
/////
/////
/////

---

[1] Defendants Diaz, Ramos, and Cota were named in plaintiff's original complaint, but not in his first amended complaint. Accordingly, these defendants should also be administratively terminated from the case.

5. This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**September 7, 2017**__  _____
UNITED STATES DISTRICT JUDGE