UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMORIA JACKSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RALPH M. DIAZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00027-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED IN PART AND DENIED IN PART<br><br>(Doc. No. 23.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

**I.　PROCEDURAL HISTORY**

　　Plaintiff Demoria Jackson is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint against (1) defendant Davis for excessive force under the Eighth Amendment; and (2) defendant Lunes for retaliation under the First Amendment and for a violation of the Due Process Clause of the Fourteenth Amendment.

　　On January 12, 2018, defendants moved for summary judgment under Federal Rule of Civil Procedure 56, arguing that plaintiff failed to exhaust available administrative remedies. (Doc. No. 23.) Plaintiff filed an opposition on April 20, 2018 (Doc. No. 28), and defendants

filed a reply on April 27, 2018 (Doc. No. 30). The motion was submitted on the record without oral argument under Local Rule 230(*l*).[1]

Defendants' motion for summary judgment is now before the court. After consideration of all the materials presented, as well as the applicable law, the undersigned will recommend granting defendants' motion for summary judgment on plaintiff's claims against defendant Davis for excessive force in violation of the Eighth Amendment and against defendant Lunes for retaliation in violation of the First Amendment. The undersigned will recommend denying defendants' motion for summary judgment on plaintiff's claim against defendant Lunes for a violation of the Due Process Clause of the Fourteenth Amendment because there is a genuine dispute of material fact whether plaintiff properly filed grievances that prison officials improperly failed to process. Finally, the undersigned will recommend giving defendants the opportunity to request an evidentiary hearing on the disputed facts.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies via an attachment to the defendants' motion for summary judgment. (Doc. No. 23-1.)

for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Summary judgment, or summary adjudication, should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). A party demonstrates that summary adjudication is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exits. *Id.* at 586 n.11; Fed. R. Civ. P. 56(c). Further, the opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there is no genuine issue of material fact and judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendants, however. *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

**B. Statutory Exhaustion Requirement**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

4

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (quoting *Griffin*, 557 F.3d at 1120).

There are no "special circumstances" exceptions to the exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1857, 1859 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**C. CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections

and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. *See* Cal. Code Regs. tit. 15, § 3084.1 (2014). To exhaust available remedies during the relevant time period, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations. *Id.* § 3084.5. A prisoner initiates the exhaustion process by submitting a CDCR Form 602 "Inmate/Parolee Appeal" ("grievance") within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. *Id.* §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The grievance must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." *Id.* § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.* § 3084.2(a)(4). Inmate grievances are subject to cancellation if "time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints." *Id.* § 3084.6(c)(4).

### III. SUMMARY OF ALLEGATIONS UNDERLYING PLAINTIFF'S COGNIZABLE CLAIMS

Plaintiff is currently incarcerated at Pelican Bay State Prison in Crescent City, California. (First Am. Compl. (FAC), Doc. No. 10, ¶ 5.) His claims arise from events that took place at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. (*Id.*) He names as defendants Correctional Lieutenant M. Lunes; Correctional Officers Jared Davis and J. Joosten; Correctional Counselor II R. Hall; and Appeals Coordinator Ramos Ssaly.[2] (*Id.* ¶¶ 6-10.)

---

[2] At the screening stage, the court authorized claims against only Correctional Officer Jared Davis and Correctional Lieutenant M. Lunes; the claims against all other defendants were dismissed. (Doc. No. 19.)

Plaintiff alleges that on December 5, 2012, at about 6:45 a.m., Jooston and defendant Davis entered plaintiff's cell and physically assaulted plaintiff. (FAC ¶¶ 11-12.) Davis placed plaintiff in a chokehold and hit him in the head and face. (*Id.* ¶ 11.) Joosten slammed plaintiff into the concrete and placed his knee upon plaintiff's back. (*Id.* ¶ 12.) After Davis restrained plaintiff, he continued kneeing him in the back and stated, "Welcome to SATF, you've been introduced to the white devil." (*Id.* ¶ 13.) Later that morning, at about 10:00 a.m., plaintiff was placed in administrative segregation ("ad-seg"). (*Id.* ¶ 14.)

On December 18, 2012, plaintiff received a Rules-Violation Report ("RVR") for "Battery on a Peace Officer" ("the first RVR"). (*Id.* ¶ 15.)

On April 7, 2013, plaintiff filed a grievance complaining about the December 5, 2012, assault. (*Id.* ¶ 16.) He specifically requested "an internal investigation, formal charges filed against C/O Davis, and no reprisal in regard to the matter." (*Id.*) "The [grievance] was granted in part by C. Alvarez, reviewed by Captain Odle, and received by A.W. T.P. Wan on [May 6, 2013]." (*Id.* ¶ 17.)

On April 9, 2013, plaintiff attended a hearing on the first RVR. (*Id.* ¶ 19.) Defendant M. Lunes presided as the senior hearing officer ("SHO"). (*Id.* ¶ 20.) Defendant Lunes found plaintiff not guilty of battery on a peace officer, but found plaintiff guilty of the lesser offense of resisting a peace officer. (*Id.* ¶ 21.)

Plaintiff was released from ad-seg on or about April 30, 2013. (*Id.* ¶ 23.) On May 13, 2013, plaintiff filed a grievance concerning the first RVR. (*Id.*) This grievance was "granted in part . . . and the [RVR] was dismissed and ordered reissued[/]reheard . . . on July 2, 2013." (*Id.*)

On October 1, 2013, Davis issued plaintiff another RVR stemming from the December 5, 2012, incident, this time for possession and distribution of a controlled substance ("the second RVR"). (*Id.* ¶ 21.) On October 29, 2013, Plaintiff attended a hearing on the matter, and Lunes again presided as the SHO. (*Id.* ¶¶ 26-27.) Plaintiff informed Lunes that he was concerned that Lunes would not provide him with a fair hearing. (*Id.* ¶¶ 28.) Lunes confirmed this concern by responding, "The hearing would not be fair," then advised plaintiff of his

appeals rights and said "that won't be fair either." (*Id.* ¶ 29.) Plaintiff proceeded to argue on the merits, asking "if he could receive two [RVRs] for one incident." (*Id.* ¶ 30.) "Lunes disregarded what the plaintiff had to say." (*Id.* ¶ 31.) Plaintiff asked Lunes if he had a problem with plaintiff. (*Id.* ¶ 32.) Lunes answered that plaintiff's May 13, 2013, grievance was the problem. (*Id.*) Lunes said that the second RVR should never have been written, and therefore should be dismissed. (*Id.* ¶ 33.) Lunes also said, "Since there is no proof of sales I could drop this to simple possession, but since I know how much you like writing 602[s] I'm gonna keep you busy, find you guilty, and take those visits because that's how I do it." (*Id.*) Plaintiff was found guilty of possession of a controlled substance for sales or distribution. (*Id.*)

On December 15, 2013, plaintiff filed a grievance stating that defendant Lunes intentionally violated his procedural due process rights. (*Id.* ¶ 34.) On January 28, 2014, R. Hall interviewed plaintiff about the grievance. (*Id.* ¶ 35.) Hall told plaintiff that he would hear back soon and said, "Lieutenant Lunes sends his regards." (*Id.*)

On February 7, 2014, the Chief Disciplinary Officer issued an order dismissing the first RVR because of the "due process violation of stacking."[3] (*Id.* ¶ 36-37.)

On February 23, 2014, plaintiff filed a new grievance. (*Id.* ¶ 38.) He alleges that C.C.R. tit. 12, § 3326(A)(2) provides that records of disciplinary matters that have been dismissed for any reason must not be placed in any file pertaining to the inmate. (*Id.*) Presumably, plaintiff asked prison officials to remove such information from his files. Prison officials processed his February 23, 2014, appeal and cancelled it as untimely. (*Id.* ¶ 39.) On March 6, 2014, plaintiff resubmitted the grievance, contesting the untimeliness issue. (*Id.* ¶ 40.) "On March 11, 2014, a person claiming to be Ramos came to [plaintiff's] cell [and] gave [plaintiff] a CDCR Form 695 saying that [plaintiff] was attemp[t]ing to misuse or abuse the appeal process." (*Id.* ¶ 41.) Ramos stated, "Stop appealing this issue unless you [want] to end up in [ad-seg]." (alteration in original). (*Id.*)

---

[3] Plaintiff does not explain what he means by the "due process violation of stacking." The court infers it is the unlawful issuance of two RVRs for a single incident.

8

In September 2014, plaintiff was transferred to the Secure Housing Unit of Corcoran State Prison. (*Id.* ¶ 46.) On November 17, 2014, plaintiff submitted a grievance complaining that an expected package had not arrived. (*Id.* ¶ 47.) The grievance was rejected because plaintiff provided no tracking number for the package. (*Id.*) Plaintiff resubmitted the grievance with a "sales order number," but it was again cancelled. (*Id.* ¶ 48.) Plaintiff submitted a grievance appealing the cancellation. (*Id.* ¶ 49.) Ramos called plaintiff on the phone and said, "Did you think I was playing, I'm having you sent to the bay now, and if you don't knock it off you'll be stuck up there for the rest of your life." (*Id.*) In April 2015, plaintiff was transferred to Pelican Bay State Prison. (*Id.* ¶ 50.)

Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments. He seeks injunctive relief and damages. (*Id.* at 20-24.)

## IV. ANALYSIS

### A. Excessive Force Claim Against Davis

There is no genuine dispute of material fact as to plaintiff's excessive force claim against defendant Davis, and therefore, defendants are entitled to summary adjudication. *See Celotex Corp. v. Catrett*, 477 U.S. at 322. Defendants have met the initial burden of producing evidence showing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *See Albino II*, 747 F.3d at 1172. Defendants submitted evidence in the form of sworn declarations and supporting documents showing that CSATF had an appellate process available at the time of the incident that involved submission of a standardized grievance form and three levels of review. (Voong Decl.) Defendants also set forth admissible evidence that plaintiff had failed to submit the only grievance that could support an excessive force claim—"SATF-13-01410"—through the second and third levels of review. (Shaw Decl. Ex. B, 1-2.)

Because defendants satisfied their initial burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *See Albino II*, 747 F.3d at 1172. Plaintiff has failed to meet this burden. He argues in his

unsworn opposition brief to defendants' motion for summary judgment, for the first time, that he was unable properly to submit his grievance against defendant Davis to the second level of review because he never received a first-level response. This argument is directly contradicted by the sworn statement he made in his verified first amended complaint. Specifically, when referring to SATF-13-01410, he states that, "The complaint was granted in part by C. Alvarez, reviewed by Captain Odle, and received by A.W. T.P. Wan on 5/6/2013." (FAC ¶ 17.) He could know this outcome only if he had received the first-level response. The evidence submitted in support of his argument that administrative remedies were unavailable to him because he never received a first-level response does not raise a genuine dispute as to any material fact.

In the alternative, plaintiff argues that his claim against Davis was administratively exhausted at the first level because it was granted in part (Doc. No. 28, at 10), citing *Brown v. Valoff*, 422 F.3d 926, 940-42 (9th Cir. 2005) for the proposition that "once a prison administration grants an appeal, there is nothing left to exhaust." While plaintiff's statement of law is not far off, *Brown* actually says "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." 422 F.3d at 935; *see also id.* at 936 ("Once an agency has granted some relief and explained that no other relief is available, 'the administrative process has not been obstructed. It has been exhausted.'" (quoting *Jasch v. Potter,* 302 F.3d 1092, 1096 (9th Cir.2002)). The only relief plaintiff received was that prison officials investigated his grievance. (Doc. No. 28, at 6.) Plaintiff did not, however, "receive[] all 'available' remedies at an intermediate level of review," and he was not "reliably informed by an administrator that no remedies [were] available," 422 F.3d at 935. Accordingly, there is no genuine dispute of material fact, and defendants are entitled to summary adjudication on plaintiff's claim against defendant Davis.

**B. Due Process Claim Against Lunes**

There is a genuine dispute of material fact whether plaintiff exhausted his due process claim against defendant Lunes, and therefore, defendants are not entitled to summary

10

adjudication. *See Celotex Corp. v. Catrett*, 477 U.S. at 322. Defendants met the initial burden of producing evidence showing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *See Albino II*, 747 F.3d at 1172. Defendants submitted evidence in the form of sworn declarations and supporting documents showing that CSATF had an appellate process available at the time of the incident that involved submission of a standardized grievance form and three levels of review. (Voong Decl.) Defendants set forth admissible evidence that plaintiff had failed to submit the only grievance that could support a due process claim—"SATF-13-05169"—through the third level of review. (*Id.* Ex. A, at 1.)

Because defendants satisfied their initial burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *See Albino II*, 747 F.3d at 1172. He has satisfied this burden. He argues in his opposition to defendants' motion for summary judgment that his submission of "SATF-13-05169" should not have been cancelled as untimely because he submitted it within the prescribed 30-day window. (Doc. No. 28 at 18.) He also submitted an additional grievance challenging this cancellation—"OOA-13-11714"—and appealed it through all three levels of review. (Voong Decl. Ex. B, at 1, 3, 5.) He argues that not only was SATF-13-05169 wrongly cancelled, CDCR officials affirmatively obstructed his ability to submit grievances by moving plaintiff "back and forth from building to building, cell to cell[,] in order to curtail his efforts." (Doc. No. 28, at 13; *see also* Jackson Decl. at 1-2.) The court views these assertions in the light most favorable to the plaintiff, *Orr*, 285 F.3d at 772, and does not "engage in credibility determinations," *Manley,* 847 F.3d at 711. With the foregoing evidence, plaintiff raises a genuine dispute of material fact regarding plaintiff's due process claim against defendant Lunes. Accordingly, summary adjudication should be denied for this claim.

**C. Retaliation Claim Against Lunes**

There is not a genuine dispute of material fact regarding plaintiff's retaliation claim against defendant Lunes, and therefore, defendants are entitled to summary adjudication. *See*

11

1 *Celotex Corp. v. Catrett*, 477 U.S. at 322. Defendants met the initial burden of producing
2 evidence showing "that there was an available administrative remedy, and that the prisoner did
3 not exhaust that available remedy." *See Albino II*, 747 F.3d at 1172. Defendants submitted
4 evidence in the form of sworn declarations and supporting documents showing that CSATF
5 had an appellate process available at the time of the incident that involved submission of a
6 standardized grievance form and three levels of review. (Voong Decl.) Defendants set forth
7 admissible evidence that plaintiff had failed to appeal the only grievance that could support a
8 due process claim—designated as "SATF-13-05169"—through the third level of review. (*Id.*
9 Ex. A, at 1.) More importantly, defendants argued that plaintiff's grievances did not exhaust
10 his retaliation claim because, in the grievances, plaintiff never stated facts indicating that
11 defendant Lunes retaliated against plaintiff for exercising his free speech rights.

12 Because defendants satisfied their initial burden, "the burden shifts to the prisoner to
13 come forward with evidence showing that there is something in his particular case that made
14 the existing and generally available administrative remedies effectively unavailable to him."
15 *See Albino II*, 747 F.3d at 1172. He has failed to meet this burden. Though he has satisfied
16 his burden to establish a dispute about timeliness, his administrative remedies were not
17 exhausted because his grievances did not mention retaliation. *See Celotex*, 477 U.S. at 323
18 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily
19 renders all other facts immaterial.").

20 A prison's own grievance process, not the PLRA, determines how detailed a grievance
21 must be to satisfy the PLRA exhaustion requirement. *Jones*, 549 U.S. at 218. The CDCR's
22 process requires that grievances "describe the specific issue under appeal and the relief
23 requested," and the inmate "shall list all staff member(s) involved and shall describe their
24 involvement in the issue." *Id.* § 3084.2(a). Furthermore, the inmate "shall state all facts
25 known and available to him/her regarding the issue being appealed at the time of submitting
26 the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form
27 Attachment." *Id.* § 3084.2(a)(4).

In the one grievance plaintiff submitted that implicated defendant Lunes—"SATF-13-05169"—plaintiff challenged the second RVR stemming from the December 5, 2012, incident with defendant Davis. (Shaw Decl. Ex. D; Voong Decl. Ex. A, 3, 5.) Specifically, plaintiff argued that this RVR violated his due process rights, an issue he raised with defendant Lunes. (*Id.*) The grievance did not, however, allege that Lunes found plaintiff guilty in retaliation for his earlier grievance submission. (*Id.*) Since plaintiff was required to "state all facts known and available to him/her regarding the issue being appealed," *id.* § 3084.2(a)(4), and he omitted any facts relating to or implying retaliatory intent, there is no material fact in dispute regarding plaintiff's exhaustion of his retaliation claim. Accordingly, summary adjudication should be granted for defendants on plaintiff's claim against defendant Lunes.

**V.  FINDINGS AND RECOMMENDATIONS**

The undersigned recommends that the court:

1. grant defendants' motion for summary judgment on plaintiff's claim against defendant Davis for excessive force;
2. deny defendants' motion for summary judgment on plaintiff's due process claim against defendant Lunes; and
3. grant defendants' motion for summary judgment on plaintiff's claim against defendant Lunes for retaliation.
4. if these findings and recommendations are adopted, provide defendants twenty-one (21) days from the date the order adopting is entered to request an evidentiary hearing on the issue whether plaintiff properly submitted grievances that prison officials improperly failed to process.

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the

findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: August 15, 2018

_____
UNITED STATES MAGISTRATE JUDGE