UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMORIA JACKSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RALPH M. DIAZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00027-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 40<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Demoria Jackson is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint against defendant Lunes for a violation of the Due Process Clause of the Fourteenth Amendment.

On November 20, 2018, defendant Lunes moved for summary judgment under Federal Rule of Civil Procedure 56, arguing that defendant did not violate plaintiff's due process rights and is entitled to qualified immunity.[1] ECF No. 40. Plaintiff filed an opposition on March 18,

---
[1] As explained below, I find in favor of defendant on the merits of the due process argument, and do not reach the issue of qualified immunity.

2019, ECF No. 45, and defendant filed a reply on March 22, ECF No. 46. The motion was submitted on the record without oral argument under Local Rule 230(*l*).[2]

## I.     STATEMENT OF UNDISPUTED FACTS

Plaintiff is a state prisoner whose claim stems from events that took place at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California. *See* ECF No. 10 at 6. Defendant Lunes is a correctional lieutenant at SATF. *See id.* at 7.

On December 5, 2012, two correctional officers entered plaintiff's cell. Plaintiff was restrained, and the officers recovered bindles of marijuana, methamphetamine, and tobacco from plaintiff's cell.

On December 18, 2012, plaintiff was issued a rules violation report ("RVR") for battery on a peace officer. Defendant Lunes found plaintiff guilty of the lesser charge of resisting at plaintiff's hearing. Ultimately, the battery RVR was dismissed.

On April 7, 2013, plaintiff filed a grievance claiming that he was assaulted in his cell by the officer who entered and restrained him on December 5, 2012.

On October 9, 2013—after the methamphetamine from plaintiff's cell tested positive and SATF received the test results—plaintiff was issued a second RVR for possession of a controlled substance for sales and distribution. *See* ECF No. 40-4 at 8-9. Plaintiff signed a form attached to the RVR, indicating that he did not request any witnesses for the RVR hearing. *See id.* at 10. On October 29, 2013, there was a disciplinary hearing for the controlled substance RVR. The record of the hearing indicates that plaintiff was offered another opportunity to request witnesses at the hearing, and he declined to present any witnesses. *See id.* at 12. Plaintiff did not testify or produce any evidence on his behalf at the hearing. The evidence against him presented at the hearing included the RVR by Officer Davis that stated that he discovered bindles of suspected drugs in plaintiff's cell; the report of

---

[2] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies via an attachment to the defendants' motion for summary judgment. ECF No. 40-1.

2

submission of the drugs to forensic services for testing; and the toxicology laboratory results indicting a positive test result for methamphetamine. Defendant Lunes found plaintiff guilty of the second RVR at the hearing.

**II.     DISCUSSION**

   **A. Summary Judgment Standard**

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exits. *Id.* at 586 n.11; Fed. R. Civ. P. 56(c). Further, the opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*

*Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated that there is no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**B. Due Process Claim Against Lunes**

Defendant argues that the hearing conducted by defendant Lunes met the due process requirements in *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Due Process Clause of the Fourteenth Amendment protects individuals from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Prisoners may not be deprived of liberty without due process of law. *See Wolff*, 418 U.S. at 556. To state a claim for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983).

If there is a liberty interest at stake, then the proceedings must meet the requirements in *Wolff*: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner when the prisoner is illiterate or the issues presented are legally complex. *See Wolff*, 418 U.S. at 563-71. In addition, some evidence—

with some indicia of reliability—must support the decision of the hearing officer. *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

Defendant has met his initial burden of demonstrating the absence of a genuine issue of material fact; he has put forth evidence that all Due Process Clause requirements[3] were met in this case. *See Celotex*, 477 U.S. at 323. Specifically, the record shows that plaintiff was given adequate notice, a written statement, and the opportunity to call witnesses. There was also some evidence, in the form of the written statement from the officer who recovered the drugs and the test results, to support the decision of defendant Lunes.

As defendant has met his initial burden, the burden shifts to plaintiff, as the nonmoving party, to present specific facts that show there is a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. Plaintiff has failed to meet his burden. Instead, he asserts, without presenting any evidence or explanation, that he was not "provided adequate notice" or "the opportunity to call witnesses." *See* ECF No. 45 at 3. As the documentation reflects, the notice of the RVR was issued to plaintiff in writing, and he signed it on October 9, 2013. *See* ECF No. 40-4 at 8-10. The hearing was held more than 24 hours afterward, on October 29, 2014. *See id.* at 12. Notice was adequate. *See Wolff*, 418 U.S. at 563.

Plaintiff was also, contrary to his assertion, provided the opportunity to call witnesses, both in advance of the hearing and at the hearing itself. *See* ECF No. 40-4 at 10, 12. The Due Process Clause does not require witnesses at the hearing, but only that plaintiff be provided the opportunity to call witnesses, when safety and correctional considerations permit. *See Wolff*, 418 U.S. at 566. Plaintiff's signature appears plainly on the form declining to call witnesses. Plaintiff does not offer any evidence indicating that his hearing violated the Due Process Clause. His nonspecific, conclusory, and unsupported statement does not raise a "genuine" issue of fact. *See Matsushita*, 475 U.S. at 586 n.11. Thus, plaintiff has failed to meet his burden in response to defendant and to raise a genuine issue of material fact for trial.

---

[3] It is undisputed that there was a liberty interest at stake. *See* ECF No. 40-3 at 6 (conceding that plaintiff had a liberty interest in the 180-day credit forfeiture).

### III. FINDINGS AND RECOMMENDATIONS

I recommend that the court:

1. grant defendant's motion for summary judgment; and
2. dismiss this case with prejudice.

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 26, 2019

UNITED STATES MAGISTRATE JUDGE

No. 204